# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **ROBERT LEE RAYFORD,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9702-CR-00079** |
| | ) | |
| vs. | ) | **SHELBY COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. P-04756** |
| | ) | |
| Respondent. | ) | |

**FILED**

**July 1, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court through an order rather than a formal opinion. The record in this case was filed on February 26, 1997, and the petitioner filed his brief on April 11, 1997. In 1986, this Court affirmed the petitioner's convictions for aggravated rape and status as a habitual criminal. State v. Rayford, No. 38 (Tenn. Crim. App., at Jackson, April 2, 1986). The Supreme Court denied the petitioner's application for permission to appeal. In June of 1987, the petitioner filed a petition for post-conviction relief, claiming, in part, ineffective assistance of counsel. The trial court finally dismissed the petition in May 1991, but the petitioner did not appeal that dismissal.

During the pendency of his petition in the trial court, the petitioner filed a petition for writ of habeas corpus in the federal court, in which he raised the same issues he claimed in his state post-conviction petition. After several hearings in the district court, the petitioner was ultimately denied relief in December, 1995. The federal appeals court denied a certificate of probable cause in April, 1996, and the United States Supreme Court denied the petitioner's writ of certiorari in October, 1996.

On December 11, 1996, the petitioner filed his second petition for post-conviction relief in the trial court. The trial court dismissed the petition on January 13,

1997, stating that the petition was barred by the statute of limitation and that the issues raised had been previously determined. On appeal, the petitioner, citing Sands v. State, 903 S.W.2d 297 (Tenn. 1995), argues that the strict application of the statute of limitation in this case would deny him due process of law. Specifically, the petitioner contends that he could not have filed his post-conviction petition any earlier because the United States Supreme Court did not rule upon his petition for writ of certiorari until October 1996. According to the petitioner, state law prevented him from filing two suits simultaneously in two different courts.

T.C.A. § 40-30-206(c), upon which the petitioner relies to support his claim on appeal, provides that the trial judge may summarily dismiss a petition if it appears the petitioner already has pending a petition in "either the trial court, court of criminal appeals, or supreme court." Contrary to the petitioner's claim, the post-conviction statute does not address pleadings filed in the federal courts. Indeed, the statute specifically only imposes limits on simultaneous state court filings. T.C.A. § 40-30-202(c) "contemplates the filing of only one (1) petition for post-conviction relief [and] [i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Moreover, T.C.A. § 40-30-202(a) (emphasis added) mandates that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest *state* appellate court to which an appeal has been taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final.

This time limit, however, is not tolled by federal proceedings. See § T.C.A. 40-30-202(b)(1)-(3). In fact, nothing in the language of this statute prevents the petitioner from filing a petition in the state court when he or she has a federal habeas corpus petition pending. See T.C.A. §§ 40-30-201-222.

The petitioner already filed one petition for post-conviction relief, which was dismissed in 1991. The petitioner never appealed that dismissal. In addition, more than one year has passed since that dismissal by the trial court and, also, since the final action of the highest state appellate court regarding the petitioner's conviction.

2

Accordingly, the present petition was filed outside the statute of limitation, and the trial court was therefore without jurisdiction to consider the petition. See T.C.A. § 40-30-202.

Having reviewed the state's motion in light of the petitioner's response and the entire record on appeal, we find that the motion is well-taken and should therefore be granted. Accordingly, for the reasons stated above, it is hereby ORDERED that the judgment of the trial court dismissing the petition without the necessity of an evidentiary hearing is affirmed.

Enter, this the ___ day of June, 1997.

_____
DAVID G. HAYES, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE

3