IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

December 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DANNY GARRETT, | * | C.C.A. # 03C01-9603-CR-00111 |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Ray L. Jenkins, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Danny Garrett, Pro Se
# 123195
Northeast Correction Center
P.O. Box 5000
Mountain City, TN  37683

For Appellee:

John Knox Walkup
Attorney General and Reporter

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN  37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Danny Garrett, appeals the trial court's denial of post-conviction relief. The single issue presented for review is whether the petition was barred by the statute of limitations.

We affirm the judgment of the trial court.

On October 5, 1987, the petitioner entered pleas of guilt to armed robbery and assault with intent to commit murder. The trial court imposed a Range I, fifteen-year sentence for each charge. There was no appeal. On March 4, 1994, the petitioner received a sentence in federal court for possession of a firearm; his 1987 sentences were used to enhance the length of sentence. Two months later, the petitioner filed his first petition for post-conviction relief. The trial court dismissed the petition as untimely filed. <u>See</u> Tenn. Code Ann. § 40-30-102 (repealed 1995). This court affirmed on direct appeal. <u>Danny E. Garrett v. State</u>, No. 03C01-9411-CR-00429 (Tenn. Crim. App., at Knoxville, July 25, 1995).

This petition, the petitioner's second, was filed on October 25, 1995. The trial court dismissed the petition on the basis that it was barred by the statute of the limitations. In this appeal, the petitioner argues that his constitutional rights to due process preclude the statute of limitations as a defense. We disagree.

In <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding would violate due process. In determining whether there has been a violation of due process, the essential question is whether the time period allowed by law provides petitioner a fair and reasonable opportunity to file suit. <u>Id.</u>

2

In Burford, the petitioner could not file within the three-year limitation absent a determination on his prior post-conviction petition. Our supreme court ruled that Mr. Burford was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation." Id. There was no such trap here.

In Sands v. State, 903 S.W.2d 297 (Tenn. 1995), our supreme court further defined how to apply the Burford test. Courts must

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the state's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d at 301 (citations omitted) (quoting Burford, 845 S.W.2d at 207, 208).

By the use of these guidelines, we have determined that the statute of limitations would have begun to run on October 5, 1987. Essentially, the petitioner argues that his pleas were not knowingly and voluntarily entered. While that would have been a basis for post-conviction relief, if established by the proof, those grounds were available well before the limitations period commenced. Thus, the petitioner's claims fail to meet the second requirement of Sands.

Recently, our supreme court ruled that the 1995 Post-Conviction Procedure Act, which reduced the statute of limitations to a period of one year, did not revive any action which had been barred by the previous statute of limitations.

3

See <u>Arnold Carter v. State</u>, ____ S.W.2d ____, No. 03-S-01-9612-CR-00117, slip

op. at 6 (Tenn., at Knoxville, Sept. 8, 1997).  Thus, any argument that the new Act

allowed a one-year opportunity for new filings lacks merit.  <u>See</u> Tenn. Code Ann.

§ 40-30-202.


        Accordingly, the judgment is affirmed.


                                     _____
                                     Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge