# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER 1998 SESSION



**FILED**

December 11, 1998

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JOHN HERBERT TALLEY,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9709-CR-00380 |
| | ) | |
| vs. | ) | Hamilton County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Rebecca J. Stern, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**JOHN HERBERT TALLEY**
Pro Se
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TODD R. KELLEY**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**WILLIAM H. COX, III**
District Attorney General
600 Market St., Ste. 310
Chattanooga, TN 37402

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The appellant, John Herbert Talley, appeals the Hamilton County Criminal Court's denial of his petition for post-conviction relief. Talley is presently serving a life sentence in federal prison for convictions he received in 1995. His federal sentence was enhanced based in part upon a state conviction he received in 1985.[1] In 1997, Talley filed a post-conviction petition alleging his guilty plea was not knowing and voluntary and was the result of ineffective assistance of trial counsel. He specifically pleaded that the statute of limitations should not be applied to him under the authority of Burford v. State, 845 S.W.2d 204 (Tenn. 1995), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995). The court below dismissed the petition, finding it was barred by the one-year statute of limitations. In this appeal, Talley alleges the trial court erred (1) in finding his petition barred by the statute of limitations and (2) by failing to make specific findings of fact in its order dismissing the petition. Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

I

Talley essentially concedes that his post-conviction action was filed many years past the expiration of the statute of limitations. See Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995) (three year statute of limitations for actions filed after July 1, 1986); Tenn. Code Ann. § 40-30-202(a) (1997) (one year statute of limitations for actions filed after May 10, 1995); see also Carter v. State, 952 S.W.2d 417 (Tenn. 1997) (petitioners for whom three-year statute of limitations expired prior

---

[1]In his petition, Talley challenges only his conviction of felonious possession of marijuana as charged in Hamilton County indictment 157625. In his appellate brief, he also relates his challenge to his convictions for sale of cocaine as charged in Hamilton County indictments 159257, 159258, 164952, 164593 and 164955. He alleges he has filed other post-conviction actions attacking these convictions. We consider only the challenge based upon indictment 157625.

to enactment of one year statute of limitations do not have right to bring post-conviction claim within one year of enactment). He claims, however, that his claim should not be time-barred under the authority of Burford and Sands.

Under the current post-conviction statute, consideration of a petition not filed within the statute of limitations is proper only if the claim (1) is based upon a newly established constitutional right not recognized at the time of trial, (2) is based upon new scientific evidence establishing actual innocence of the petitioner, or (3) the claim is based upon the enhancement of sentence not resulting from a guilty plea with an agreed sentence where the enhancing sentence subsequently has been held to be invalid. Tenn. Code Ann. § 40-30-202(b) (1997).

As the court below correctly found, the petitioner's claims do not fit into any of the statutory categories for untimely consideration. Instead, his allegations pertain to ineffective assistance of counsel and an unknowing and involuntary guilty plea.

Furthermore, we are unpersuaded that Talley's claims are controlled by Burford or Sands. Those cases arose under the previous version of the Post-Conviction Procedure Act, which provided that post-conviction petitions had to be filed within (a) three years of the date of the final action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the statute. See Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995); State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). An exception applied, however, to preserve the right of a post-conviction petitioner to mount an otherwise untimely challenge where strict application of the statute of limitations would deprive the petitioner of due process of law. Burford, 845 S.W.2d at 209-10.

3

Burford was a unique case in which the petitioner was caught in a procedural trap in which he first had to challenge successfully his convictions in a post-conviction proceeding in one county in order to have a justiciable claim for relief in post-conviction proceedings in another county. Burford, 845 S.W.2d at 208. He was caught in a quandary because the bar of the statute of limitations applicable to the latter claim was looming prior to a determination of the former claim. Burford, 845 S.W.2d at 208. The supreme court found the application of the statute of limitations to the latter claim violated due process in that limited circumstance and allowed the Burford petitioner to maintain his claim notwithstanding the statute of limitations. See Burford, 845 S.W.2d at 209-10. Burford did not, however, give post-conviction petitioners the right to wage collateral attack on stale convictions themselves outside the statute of limitations. Unlike Talley, the petitioner in Burford filed his attack on his enhancing convictions within the time then allowed under the Act. See generally Burford, 845 S.W.2d 204. Contrary to Burford, Talley seeks to challenge not his enhanced federal sentence, over which this court has no jurisdiction, but his enhancing Tennessee convictions. In this situation, the Burford exception is inapplicable.

In Sands, the petitioner alleged that the jury instructions used in his 1977 trial were found unconstitutional by the United States Supreme Court in 1979. Sands, 903 S.W.2d at 298. The Sands petitioner initiated his post-conviction claim in 1990,[2] well outside the three year statute of limitations. See Sands, 903 S.W.2d at 298. In passing on the claim, the supreme court concluded that the basic rule of Burford was that "due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise . . . after the point at which the limitations period would

[2]The Sands petitioner had filed two earlier post-conviction actions.

4

normally have begun to run." Sands, 903 S.W.2d at 301. The Sands court established a three-step analysis for applying the Burford rule to specific factual situations. Under this test, the court should:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim . . . carefully weigh[ing] the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process" against the State's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d 301 (quoting Burford, 845 S.W.2d at 207-08).


In the case at bar, there is no allegation which would qualify as a "later arising" claim. Accordingly, the trial court properly dismissed the petition. See Tenn. Code Ann. § 40-30-206(f) (1997) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . the petition shall be dismissed.")


Talley is not entitled to relief from the statute of limitations.


## II

Talley also claims the trial court erred by failing to make factual findings under the three-step Sands analysis.


Because the petitioner failed to allege facts under which Burford and Sands might apply to his case, the trial court did not err by not making the findings. Furthermore, the trial court entered a well-reasoned and thoughtful order which complies with the requirement that orders dismissing post-conviction actions shall

5

contain specific findings of fact and conclusions of law.  <u>See</u> R. Sup. Ct. 28, §
6(B)(4)(c).

Finding no error in the trial court's dismissal of Talley's petition, we
affirm its judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE



_____
L.T. LAFFERTY, SPECIAL JUDGE