# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1998 SESSION



**FILED**

**July 9, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **FREDERICK ORLANDO BLACK,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9710-CC-00466 |
| | ) | |
| vs. | ) | Anderson County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. William Lantrip, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |

FOR THE APPELLANT:

**CHRISTOPHER VAN RIPER**
Attorney at Law
300 Main St., Ste. 200
Clinton, TN 37716

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TODD R. KELLEY**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JAMES N. RAMSEY**
District Attorney General

**JAN HICKS**
Asst. District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The petitioner, Frederick Orlando Black, appeals the Anderson County Criminal Court's denial of his petitions for post-conviction relief. In 1983, the petitioner pleaded guilty to malicious shooting. In 1988, he pleaded guilty to aggravated assault. Presently, he is serving a federal sentence for a drug offense. In his post-conviction petitions, he alleges his federal sentence was enhanced due to the 1983 and 1988 Anderson County convictions. He seeks to have the convictions set aside based on various infirmities. The court below found the petitions barred by the statute of limitations and dismissed the actions. The petitioner appeals the dismissals, claiming this court should find error (1) in the trial court's failure to make findings pursuant to Burford v. State, 845 S.W.2d 204 (Tenn. 1995) and Sands v. State, 903 S.W.2d 297 (Tenn. 1995), and (2) in failing to find the statute of limitations deprived the petitioner of due process. Having reviewed the record, we find no error and affirm the judgment of the trial court.

The petitioner's post-conviction actions were filed on April 8, 1996 and December 10, 1996. Both dates are well past the statute of limitations applicable to post-conviction actions. Tenn. Code Ann. § 40-30-202(a) (1997); see Carter v. State, 952 S.W.2d 417 (Tenn. 1997) (petitioners for whom three-year statute of limitations expired prior to enactment of one year statute of limitations do not have right to bring post-conviction claim within one year of enactment). Under the current statute, consideration of a petition not filed within the statute of limitations is proper only if the claim (1) is based upon a newly established constitutional right not recognized at the time of trial, (2) is based upon new scientific evidence establishing actual innocence of the petitioner, or (3) the claim is based upon the enhancement of sentence not resulting from a guilty plea with an agreed sentence where the enhancing sentence subsequently has been held to be invalid. Tenn. Code Ann. § 40-30-202(b) (1997).

2

The petitioner's claims do not fit into any of the statutory categories for untimely consideration. His allegations pertain to ineffective assistance of counsel, unknowing and involuntary guilty pleas, lack of jurisdiction of the trial court, lack of notice, and failure of the prosecutor to disclose allegedly exculpatory evidence.[1]

Furthermore, we are unpersuaded that the petitioner's claims are controlled by Burford or Sands. Those cases arose under the previous version of the Post-Conviction Procedure Act, which provided that post-conviction petitions had to be filed within (a) three years of the date of the final action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the statute. See Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995); State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). An exception applied, however, to preserve the right of a post-conviction petitioner to mount an otherwise untimely challenge where strict application of the statute of limitations would deprive the petitioner of due process of law. Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

Burford was a unique case in which the petitioner was caught in a procedural trap in which he first had to successfully challenge convictions in a post-conviction proceeding in one county in order to have a justiciable claim for relief in post-conviction proceedings in another county. Burford, 845 S.W.2d at 208. He was caught in a quandary because the approach of the statute of limitations applicable to the latter claim was looming prior to a determination of the former

---

[1]The allegedly exculpatory evidence relates to the aggravated assault conviction. According to the petitioner, the victim of the aggravated assault told the prosecutor that he had provoked the petitioner and was at fault for what occurred. The petitioner alleges this statement was withheld by the prosecutor and if known to him would have affected his decision to enter a guilty plea.

claim. Burford, 845 S.W.2d at 208. The supreme court found the application of the statute of limitations to the latter claim violative of due process in that limited circumstance and allowed the Burford petitioner to maintain his claim notwithstanding the statute of limitations. See Burford, 845 S.W.2d at 209-10. Burford did not, however, give post-conviction petitioners the right to wage collateral attack on stale convictions themselves outside the statute of limitations. Unlike the present petitioner, the petitioner in Burford filed his attack on his enhancing convictions within the time then allowed under the Act. See generally Burford, 845 S.W.2d 204. Unlike Burford, the petitioner herein seeks to challenge not his enhanced federal sentence, over which this court has no jurisdiction, but his enhancing Tennessee convictions. In this situation, the Burford exception is inapplicable.[2]

In Sands, the petitioner alleged that the jury instructions used in his 1977 trial were found unconstitutional by the United States Supreme Court in 1979. Sands, 903 S.W.2d at 298. The Sands petitioner initiated his post-conviction claim in 1990,[3] well outside the three year statute of limitations. See Sands, 903 S.W.2d at 298. In passing on the claim, the supreme court concluded that the basic rule of Burford was that "due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise . . . after the point at which the limitations period would normally have begun to run." Sands, 903 S.W.2d at 301. The Sands court established a three-step analysis for applying the Burford rule to specific factual

[2]In her concurring opinion in Burford, Justice Daughtrey discusses a hypothetical situation in which evidence suppressed by the prosecution might surface many years after a trial was completed. Burford, 845 S.W.2d at 211 (Daughtrey, J., concurring). In this case, the petitioner, who has had the benefit of counsel throughout these proceedings, makes no allegation about when he discovered the information allegedly suppressed by the prosecutor.

[3]The Sands petitioner had filed two earlier post-conviction actions.

situations. Under this test, the court should:

> (1)     determine when the limitations period would normally have begun to run;
>
> (2)     determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3)     if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim . . . carefully weigh[ing] the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process" against the State's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d 301 (quoting Burford, 845 S.W.2d at 207-08).

In the case at bar, the only claim which might possibly be categorized as "later arising" per Sands is the petitioner's allegation that the prosecutor suppressed exculpatory evidence. Even if so categorized, such a claim is doomed to failure because the petitioner does not allege the date on which he discovered the purported misdeeds of the prosecution. The lack of this information prevents the court, first, from determining whether the grounds actually arose after the limitations period commenced, and second, balancing the petitioner's liberty interest against the state's interest in preventing collateral attack on an eight-year-old conviction. See Tenn. Code Ann. § 40-30-206(f) (1997) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . the petition shall be dismissed.") Thus, Sands would not save the petitioner's claim.

Because the petitioner failed to allege facts under which Burford and Sands might apply to his case, the trial court did not err by not making findings under the three-step Sands analysis.

Finding no error in the trial court's dismissal of Black's petitions, we

5

affirm its judgment.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE