# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

Assigned on Briefs September 18, 2012 at Knoxville

## DONALD KEITH SOLOMON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 17,404-PCR      F. Lee Russell, Judge**

—————————

**No. M2012-01161-CCA-R3-PC - Filed December 19, 2012**

—————————

The Petitioner, Donald Keith Solomon, appeals as of right from the Bedford County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for being untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

James R. Tucker, Jr., Shelbyville, Tennessee (on appeal), for the appellant, Donald Keith Solomon.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Robert Carter, District Attorney General; and Richard A. Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Based upon the scant record before this court, the Petitioner pled guilty in 2009 to an unspecified offense for which he remains incarcerated. On March 26, 2012, the Petitioner sent a letter to the Bedford County Circuit Court requesting that an attorney be appointed to assist him "in preparing and filing" a petition for post-conviction relief. In the letter, the Petitioner complained that his trial counsel was ineffective and "neglected to advise [him] of certain aspects of [his] defense[] that would have led [him to] not accept" the plea agreement. The Petitioner also complained that trial counsel did not have time "to prepare or investigate a proper defense" and that trial counsel failed to meet with him prior to his acceptance of the plea agreement. The Petitioner further complained that the State's "key

evidence against" him, a videotape of his interview with the police, "violated [his] constitutional and civil rights" because his repeated requests for an attorney during the interview were ignored.

On April 16, 2012, the post-conviction court entered an order treating the Petitioner's letter as a petition for post-conviction relief and summarily dismissing the petition because it was filed beyond the one-year statute of limitations. The Petitioner responded to the post-conviction court's order with a second letter complaining that he was "a lay person," that he was unaware that his "rights were violated" until March 2012, that "such time limitations should start at the time [he] knew [he] was wronged," and that there was no statute of limitations "on a manifest of justice." The Petitioner also complained that he was not present when the post-conviction court heard this matter and that he was not allowed to prepare and present evidence to support his claims. The Petitioner requested that counsel be appointed to represent him to appeal the post-conviction court's summary dismissal of his petition. The post-conviction court appointed counsel and a timely notice of appeal was filed.

On appeal, the Petitioner contends that the post-conviction court erred in summarily dismissing his petition. The Petitioner argues that the post-conviction court erred by dismissing his petition without appointing counsel to investigate and raise any possible arguments for tolling the statute of limitations. The Petitioner also argues, generally, that due process justified tolling the statute of limitations in this matter. However, the Petitioner provides no factual support for this argument. The State responds that the Post-Conviction Procedure Act requires a post-conviction court to summarily dismiss a petition when it is untimely filed and states no proper reason for tolling the statute of limitations. The State further responds that there is no authority requiring a post-conviction court to appoint counsel prior to summary dismissal for the purpose of investigating an untimely petition.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, withing one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Id. "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-16(b); see also Tenn. Sup. Ct. R. 28, §5(F) (stating that "[a] petition my be dismissed without a hearing if it: (1) is not timely

filed; [or] . . . (4) does not state the reasons that the claim is not barred by the statute of limitations").

The Post-Conviction Procedure Act provides three factual circumstances in which the statute of limitations may be tolled: (1) the claim is based upon a constitutional right "that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the claim is based upon "new scientific evidence" establishing the actual innocence of the petitioner; or (3) the claim seeks relief from a sentence that was enhanced based upon a previous conviction which was subsequently held to be invalid and the previous conviction "was not a guilty plea with an agreed sentence." Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim . . . when the grounds arise <u>after the point</u> at which the limitations period would normally have begun to run." <u>Sands v. State</u>, 903 S.W.2d 297, 301 (Tenn. 1995) (emphasis added). To determine whether due process tolls the post-conviction statute of limitations, courts utilize the following three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether <u>the grounds for relief actually arose after the limitations period would normally have commenced</u>; and (3) if the grounds are "later-arising," determine if, under the facts fo the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

<u>Id.</u> (emphasis added).

Here, the Petitioner does not contend that his claims arose after the limitations period commenced. Instead, the Petitioner contends that he was simply unaware that he had any cognizable post-conviction claims until March 2012 because he was "a lay person." This court has repeatedly held that a petitioner's ignorance of post-conviction procedures and "mere lack of knowledge that a claim exits" does not constitute a due process violation which would toll the statute of limitations. <u>Joshua Jacobs v. State</u>, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010) (citing cases), <u>perm. app. denied</u>, (Tenn. Jan. 20, 2011). As such, the Petitioner has failed to assert a valid reason to toll the statute of limitations. With respect to the Petitioner's contention that the post-conviction court should have appointed him counsel prior to summary dismissal to investigate and raise any possible arguments for tolling the statute of limitations, we agree with the State that there

is no legal authority to justify such an appointment. Accordingly, we affirm the post-conviction court's summary dismissal of the untimely petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE