# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

### KEVIN T. SAULTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-2638          Cheryl Blackburn, Judge**

---

**No. M2012-02373-CCA-R3-PC - Filed May 28, 2013**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Kevin T. Saulter, appeals the trial court's dismissal of his petition for writ of error coram nobis and a motion to reconsider the denial of his petition for post-conviction relief. Upon a review of the record, we are persuaded that the lower court was correct that the Petitioner is not entitled to relief. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rule of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Kevin T. Saulter, Talladega, Alabama, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record reflects that the Petitioner is currently incarcerated for several convictions and is currently serving a sentence in a federal prison in Alabama for an offense unrelated to the charges in this case. On September 19, 2011, the Petitioner filed a petition for a writ of error coram nobis, requesting an expedited hearing. In that

petition, he contended that his judgment of conviction entered against him on or about July 14, 2000, in case number 99-D-2638, was void on constitutional grounds and that it was currently being used to enhanced his federal sentence as it qualified him as a "habitual offender." As a basis for granting relief, he argued that the counsel who represented him during his guilty plea was ineffective for failing to move to dismiss the case when the State's material witness failed to appear at the guilty plea hearing. He further contended that his guilty plea was not knowingly and voluntarily entered because: (1) counsel's assistance was ineffective; (2) the trial court did not ensure he understood his rights; and (3) the trial court failed to address him on the record to determine whether there was a factual basis for his plea. Based on these allegations, the Petitioner asked the trial court to expunge his record and vacate his sentence.

On November 17, 2011, the trial court entered an order denying the motion as time-barred and without merit. The trial court provided a detailed explanation of the history of the case:

> November 19, 1999, Petitioner entered his guilty plea. Pursuant to the guilty plea, Petitioner pled guilty to one count of aggravated assault (Count 1) for a sentence of 4 years as a Range 1 Offender, suspended to probation. The Special Conditions portion of the Judgment form states that conditions of probation apply and for the first year Petitioner will be on intensive probation. Petitioner also pled guilty to felony weapon possession for a 2 year sentence, suspended to probation, to be served concurrently with the sentence imposed for Count 1. Count 2 was retired per the plea agreement.

> On September 20, 2000, Petitioner came to court for a probation violation hearing, represented by retained counsel. This PV was retired.

> Then on November 13, 2002, Petitioner came to court for a second probation violation hearing: Petitioner elected to waive this hearing, conceding the violation. The Court sustained the probation violation and ordered Petitioner to serve 30 days at 100% day-for-day and then be placed back on probation for 3 years.

> Approximately two years later, a third probation violation warrant was obtained. The hearing was continued multiple times and was held on January 28, 2005. After Petitioner waived his hearing, [t]he Court sustained the probation violation, placing Petitioner's sentence [in] to . . . effect for 5 years as a Range 1 Offender at 30% release eligibility.

On September 19, 2011, Petitioner filed a writ of error coram nobis. In the first paragraph, Petitioner states he is seeking this Court to expunge and vacate his conviction and sentence because it is constitutionally void and is currently enhancing his federal sentence as a habitual offender.

After thoroughly discussing the applicable law, the trial court first found that the Petitioner's petition for a writ of error coram nobis was not timely filed. The trial court further found that, even if the petition had been timely filed, the Petitioner failed to state a cognizable claim for a writ of error coram nobis. The trial court noted that because the Petitioner was convicted pursuant to a guilty plea rather than a trial, a petition for writ of error coram nobis was not an appropriate avenue of relief in the Petitioner's case. Second, the Petitioner had not identified any newly discovered evidence to establish his entitlement to relief. Instead, the petition centered around a post-conviction claim, which was untimely pursuant to the Post-Conviction Procedure Act in that more than ten years had passed since the Petitioner originally entered his plea and more than six years had passed since his community corrections sentence was placed into effect after his third probation violation warrant.

On December 27, 2011, the Petitioner filed a motion to reconsider the denial of his request for coram nobis relief, arguing that the trial court overlooked the Petitioner's argument of "actual innocence."

On February 12, 2012, the coram nobis court denied the Petitioner's motion to reconsider.

On March 30, 2012, the Petitioner filed an untimely notice of appeal.

## II. Analysis

On appeal, the Petitioner contends due process requires that he be permitted to litigate his claims of actual innocence. He cursorily asserts that he "was not guilty of 'Aggravated Assault' and that the conviction should not be left on the books to be used against him." He states that he "never even 'intended' to assault anyone in any way, he just simply fired warning shots in the general direction of the vehicle that was being used as a weapon against him at his own residence, after he requested on numerous occasions that the attacker leave." He contends that the statute of limitations should be tolled based upon equitable considerations, considering that his aggravated assault conviction is being used to enhance his federal sentence. The State counters that the coram nobis court properly dismissed the petition because the petition was untimely filed and lacked merit as a petition for writ of error coram nobis and was untimely as a petition for post-conviction relief. The State further notes that the Petitioner failed to timely appeal. The State asks this Court to affirm the lower court's judgment pursuant to Rule 20 of the

Rules of the Court of Criminal Appeals.

Tennessee Code Annotated section 40-26-105 (2012) provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith . . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error coram nobis "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the coram nobis court. *See State v. Hart*, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. *See State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *see Mixon*, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings.")). In the present case, the judgment became final in August of 2000. The Petitioner did not file a petition for writ of error coram nobis until September 11, 2011, almost eleven years later.

The one-year statute of limitations for a petition for writ of error coram nobis may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. *Harris*, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Id.* Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule requires three steps:

(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 299, 301 (Tenn. 1995).

The Petitioner contends that he is entitled to coram nobis relief because he "never even 'intended' to assault anyone in any way, he just simply fired warning shots in the general direction of the vehicle that was being used as a weapon against him at his own residence, after he requested on numerous occasions that the attacker leave." He notes that his trial counsel was ineffective. We conclude that the Petitioner has failed to establish that the application of the statute of limitations to bar his claim prevents him from having his claim heard in a meaningful time or in a meaningful manner. We conclude that the principles of due process do not require the tolling of the statute of limitations.

We further conclude that the Petitioner's claims regarding ineffective assistance of counsel are not timely. *See* T.C.A. § 40-30-102 (2012) (stating an incarcerated individual must file a petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final.").

Upon due consideration of the pleadings, the record, and the applicable law, this Court concludes that the petition was properly dismissed. Accordingly, the State's motion is granted. The judgment of the coram nobis court is affirmed in accordance with Rule 20, Rule of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE