# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2014

## WILLIAM ATREL TOWNSEND aka ABDULLAH R.S. ASHANTI v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 99-07828   J. Robert Carter, Jr., Judge**

_____

**No. W2013-01492-CCA-R3-CO  - Filed May 8, 2014**

_____

The Petitioner, William Atrel Townsend aka Abdullah R.S. Ashanti, appeals the Shelby County Criminal Court's denial of his petition for a writ of error coram nobis regarding his conviction for attempt to commit especially aggravated robbery, for which he is serving an eight-year sentence. The Petitioner contends that the trial court erred by denying him relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Barry J. McWhirter (on appeal) and William Atrel Townsend aka Abdullah R.S. Ashanti (pro se at trial), Memphis, Tennessee, for the appellant, William Atrel Townsend aka Abdullah R.S. Ashanti.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 11, 2000, the Petitioner pleaded guilty to attempt to commit especially aggravated robbery and received an eight-year sentence as a Range I, standard offender. His sentence was ordered to be served concurrently with a previous conviction in case number W9400475. In 2001, the Petitioner filed a motion to correct or vacate his sentence, contending that his sentence was illegal because he was on parole in case number W9400475 when he committed the offenses in the present case, which required consecutive service of

his sentences in each case. In response to the Petitioner's motion, the trial court signed an amended judgment on September 2, 2002, stating that the sentences were to be served concurrently, not consecutively. The record reflects that the amended judgment contained identical language to the original judgment.

In 2012, the Petitioner sought habeas corpus relief and a declaratory judgment on the ground that his sentence was void because the trial court improperly ordered concurrent sentences in the present case and in case number W9400475. The trial court denied relief and found that both sentences were expired, that the judgments were voidable, not void on their face, that no case or controversy existed in which a declaratory judgment could be entered, and that the petition for a writ of habeas corpus was not well taken. The Petitioner requested permission from this court to file a late notice of appeal. This court, though, concluded that the Petitioner's sentences had expired, that he was incarcerated in a federal facility, and that he was not "imprisoned or restrained of liberty" pursuant to Tennessee Code Annotated section 29-21-101(a). *William Townsend v. State*, No. W2012-01697-CCA-MR3-HC (Tenn. Crim. App. Sept. 13, 2012) (order).

On April 26, 2013, the Petitioner filed a petition for a writ of error coram nobis, contending that his sentences were illegal and void because his sentence in the present case was required to be served consecutively to his sentence in case number W9400475. The trial court denied relief. It found that the Petitioner raised the identical issue in his petition for habeas corpus relief and that the convictions were not void upon their face. The court found that the petition was filed after the one-year statute of limitations expired and that no reason existed to toll it. This appeal followed.

The Petitioner contends that the trial court erred by denying him coram nobis relief. He argues that his sentence in the present case should have been imposed consecutively, not concurrently, and requests that his conviction be vacated. The State responds that the trial court properly dismissed the petition for relief because it was filed beyond the statute of limitations and because the Petitioner failed to state a cognizable claim for relief. We conclude that the Petitioner is not entitled to relief.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S.W.2d 661, 663 (Tenn. 1999); *State*

*v. Ratliff*, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

The petition for coram nobis relief was filed well beyond the one-year statute of limitations. The Petitioner pleaded guilty in 2000. He filed his petition for error coram nobis relief on April 26, 2013.

Our supreme court has said that determining whether due process requires tolling involves a three-step analysis in which the court must

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*State v. Sands*, 903 S.W.2d 297, 301 (Tenn. 2005).

Nothing in the record explains why the Petitioner waited to present his coram nobis claim thirteen years after he pleaded guilty, although he states in his brief that he was subjected to enhanced federal sentencing as a result of the present conviction. The opportunity to assert his claim existed after he entered his guilty plea in February 2000, and nothing prevented him from seeking coram nobis relief before 2013. We conclude that the delay does not require tolling of the statute of limitations. *Harris v. State*, 301 S.W.3d 141, 146-147 (Tenn. 2000) (concluding that a six-year delay after learning of new evidence did not require tolling of the statute of limitations on due process grounds).

We also conclude that the Petitioner has failed to state a cognizable claim for coram nobis relief. Coram nobis relief is available when a petitioner presents newly discovered evidence that may have resulted in a different judgment. *See* T.C.A. § 40-26-105 (2012); *Hart*, 911 S.W.2d at 374. Whether the sentence for the present offense was properly ordered to be served concurrently does not involve newly discovered evidence that might serve as a valid basis for coram nobis relief. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE