IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 9, 2003 Session

## ANTON McDONALD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-53618     James K. Clayton, Jr., Judge**

———————————

**No. M2003-00947-CCA-R3-PC - Filed January 28, 2004**

———————————

The petitioner, Anton McDonald, appeals the dismissal of his petition for post-conviction relief from a guilty plea to possession of over .5 grams of cocaine with the intent to sell or deliver, arguing that the post-conviction court erred in finding that the petition was time-barred. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Terry A. Fann, Murfreesboro, Tennessee, for the appellant, Anton McDonald.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

We first will set out the facts, as stated by the prosecution at the July 28, 1998, submission hearing, which were the basis for the charges against the petitioner:

> [The petitioner was] charged . . . in Count No. 1 with possession with the intent to sell over a half gram of crack cocaine, in Count No. 2 with possession of drug paraphernalia, and in Count No. 3 with resisting arrest, these events occurring on November the 21st of [1997].   [O]fficers with the Murfreesboro Police Department executed a search warrant at an apartment that was owned by Brenda

Rutledge, who was charged . . . with maintaining that dwelling for the purpose of keeping or selling drugs.

And when they executed the search warrant, they found [the petitioner] upstairs in a bathroom. There were two separate quantities of drugs found in the house, one in a bedroom adjoining that bathroom that . . . was approximately 1.8 grams. And then downstairs they found another quantity of cocaine. Both of those were packaged for resale.

. . . .

[The petitioner was] on probation . . . for a total of 12 years, having been released from boot camp. . . . There [was] a probation revocation pending in both of [his previous] cases based on these new arrests, failure to report these new arrests, and failure to pay fines and costs and failure to do his public service work.

Although the search itself seemed to be in compliance with all of his rights that he would have, there were some things that arose subsequent in regard to this case, including the fact that [the petitioner] was held apparently a little bit longer than he should have been without the issuance of the arrest warrant.

And there would be at least the possibility of a filing . . . a suppression motion . . . . [The prosecution took] all this into consideration and drafted a somewhat unique settlement . . . in that [the petitioner] . . . remain[ed] on probation.

[The] agreement [was] that upon [the petitioner's] plea of guilty in Count No.1, as charged, to possession with the intent to sell or deliver over a half gram of crack cocaine, he would receive a sentence of eight years, Range 1, 30 percent.

The petitioner's sentence was suspended, and he was placed on probation and ordered to pay a $4000 fine. This sentence was to run consecutively to a previous sentence, for a total of twenty years on probation. In exchange, the prosecution dismissed Counts 2 and 3.

On September 29, 2000, the petitioner's probation was revoked, and he was incarcerated. He filed his first petition for post-conviction relief on July 24, 2001, which was dismissed as untimely because it was filed past the one-year statute of limitations. No appeal was taken from this dismissal. On December 20, 2002, the petitioner filed a second *pro se* petition for post-conviction relief, which is the basis for the current appeal. In his petition, he alleged that he had discovered new

exculpatory evidence, that his codefendant, Brenda Rutledge, gave a handwritten statement to police in which she admitted that the drugs found in the residence were hers.[1] The petitioner contended that his petition for post-conviction relief was not untimely because this evidence was "maliciously" withheld from him by his retained trial counsel, and he did not discover it until he received a copy of his file from his attorney on March 9, 2001, after the statute of limitations had already expired. Had he known of his codefendant's statement prior to his guilty plea, he "would not have plead [sic] guilty and would have insisted on going to trial." The post-conviction court entered a preliminary order on January 22, 2003, finding that the petitioner had presented a colorable claim. The State then filed a motion to dismiss the petition on January 26, 2003, arguing that it was time-barred.

A hearing was held on the State's motion to dismiss on March 17, 2003, at which counsel for the petitioner argued the petition was not time-barred because he had no knowledge of the exculpatory evidence until March 9, 2001, after the statute of limitations had expired. No testimony was presented at the hearing, the proceeding consisting solely of contending legal arguments as to whether the petition was time-barred. The post-conviction court dismissed the petition, concluding that it was barred by the applicable statute of limitations, and the petitioner appealed.

## ANALYSIS

A post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issues of deficient performance of counsel and possible prejudice to the defense are mixed questions of law and fact and, thus, subject to *de novo* review by the appellate court. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

First, we will review the timeliness of the petitioner's claim pursuant to Tennessee Code Annotated section 40-30-202(a), which requires that a post-conviction petition be filed within one year of the final action of the highest state appellate court reviewing the conviction or of its becoming final:

> Except as provided in subsections (b) and (c), a person in
> custody under a sentence of a court of this state must petition for
> post-conviction relief under this part within one (1) year of the date

---

[1] Ms. Rutledge's statement was, in part: "I was in my room playing with my Grandson waiting on my daughter to come get him, cause soon as she'd come get him I was gonna get high, I had my rocks sitting on my dresser in a peice [sic] of paper. My stem was in the drawer along with a nother [sic] little peice [sic] of Rock . . . ."

of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

In the present appeal, the petitioner argues that his claim should not have been dismissed as untimely because, by his view, it is a later-arising claim that could not have been raised during the applicable statute of limitations. Specifically, he argues that he did not discover the new evidence until March 9, 2001, when his attorney sent him a copy of his client file which contained the statement of Brenda Rutledge. At the hearing on the State's motion to dismiss the post-conviction petition, the parties agreed, for purposes of expediting the matter, that the petitioner had learned of his codefendant's statement at the time and in the manner he had alleged, differing, however, as to whether discovery in this fashion entitled him to proceed with an otherwise untimely post-conviction petition.

In certain circumstances, due process prevents the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the point at which the limitations period would normally have begun to run, as explained in Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), setting out the three-step process to ascertain whether to apply the statute of limitations: "(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." Id.

At the submission hearing, the prosecutor, providing the trial court background into the matter, stated that "[t]here were three codefendants. They all basically pled guilty to at least one offense they were charged with as charged . . . ." Thus, at the time of his pleas of guilty, the petitioner knew that charges had been resolved against all those charged in the matter and, presumably, that the records had become available as public records. Although the petitioner pled guilty on July 28, 1998, and learned of Rutledge's alleged exculpatory statement nearly three years later on March 9, 2001, he inexplicably did not raise his claim as to late discovered exculpatory evidence until December 2002 when he filed the post-conviction petition which is the basis for this

-4-

appeal. Thus, even after being armed with the statement of his codefendant, the petitioner waited nearly two years to raise his claims based upon that statement.

The petitioner's claim is premised on his assertion that his trial counsel withheld a codefendant's statement which would have "cleared the petitioner of guilt." Even though the record on appeal is sparse and many of the documents relied upon by the petitioner are attached to his brief rather than included in the technical record, it is obvious that the statement of codefendant Brenda Rutledge does not "clear" him. Her statement, in part, was that she "had [her] rocks sitting on [her] dresser in a peice [sic] of paper [and] [her] stem was in the drawer along with a nother [sic] little peice [sic] of Rock." However, according to the testimony[2] of Detective Terry Spence, a narcotics officer with the Murfreesboro Police Department, at the petitioner's bond reduction hearing, "[t]here was one plastic bag in the downstairs dresser, and there was one plastic bag in the upstairs dresser drawer of the master bedroom," and the bedroom was "[a]djoining the bathroom . . . [v]ery accessible." Importantly, Rutledge claimed ownership only of the drugs downstairs near her, not of those upstairs near the petitioner. As for the petitioner's actions, Spence said the petitioner was "barricaded" in a bathroom of the apartment when officers entered to execute the search warrant. They were "all screaming police, police, search warrant" and, after knocking on the door several times, broke it down. Officers found $410 in cash on the petitioner but no drugs.

Given the facts of the case, that codefendant Rutledge claimed ownership only of the drugs found downstairs near her, but not of those upstairs where the petitioner had barricaded himself in the bathroom, it is not surprising that the petitioner's trial counsel did not believe that Rutledge's statement aided the petitioner. Thus, the petitioner's so-called "later-arising" claim is, in fact, without merit, as well as untimely.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

---

[2]What is apparently a partial copy of the transcript of this hearing is included in the appendix to the petitioner's brief.