IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1997 SESSION

FILED

March 26, 2008

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROBERT GLEN COE, | ) | |
| | ) | C.C.A. NO. 02C01-9606-CR-00200 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS | ) | |
| | ) | JOHN P. COLTON, |
| STATE OF TENNESSEE | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post Conviction - Death Penalty) |

FOR THE APPELLANT:

**ROBERT C. IRBY**
4345 Mallory Avenue East
Memphis, TN 38111

FOR THE APPELLEE;

**CHARLES W. BURSON**
Attorney General and Reporter

**JOHN P. CAULEY**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOHN W. PIEROTTI**
District Attorney General

**JOHN CAMPBELL**
Assistant District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY,**
**JUDGE**

**O R D E R**

Appellant, Robert Glen Coe, appeals from the dismissal of his third post-conviction relief petition. He has been convicted of first degree murder, aggravated rape, and aggravated kidnaping. He was sentenced to death for first degree murder and received two sentences of life imprisonment for the other charges. Coe contends the trial court erred in dismissing his petition and presents to this Court the following issues for review:

> (1) whether the state withheld exculpatory evidence and presented misleading testimony;
>
> (2) whether the use of the felony-murder aggravating circumstance rendered the death penalty unconstitutional;
>
> (3) whether the jury instruction defining "reasonable doubt" was unconstitutional;
>
> (4) whether the jury instruction on first degree murder omitted an essential element of the offense;
>
> (5) whether he was denied the fundamental right to a unanimous jury verdict;
>
> (6) whether the jury instruction on expert testimony was unconstitutional;
>
> (7) whether the jury was unconstitutionally instructed on the effect of a verdict of not guilty by reason of insanity;
>
> (8) whether the jury instructions precluded full consideration of the defense of insanity;
>
> (9) whether the failure to instruct the jury about eligibility for parole was unconstitutional;
>
> (10) whether the jury instructions erroneously omitted information about the effect of a non-unanimous verdict;
>
> (11) whether he was denied effective review of the death sentence;
>
> (12) whether he was denied effective assistance of counsel at trial and on appeal, including the denial of entitlement to investigative funds;
>
> (13) whether electrocution constitutes cruel and unusual punishment;
>
> (14) whether he was unconstitutionally precluded from consulting with counsel during trial;
>
> (15) whether the death sentence unconstitutionally infringes upon his fundamental right to life; and
>
> (16) whether he was arrested without probable cause.

We affirm the dismissal of the petition.

## PROCEDURAL HISTORY

Coe was found guilty of first degree murder, aggravated rape and aggravated kidnaping in 1981. The Tennessee Supreme Court affirmed the convictions and sentences in 1983. A petition for writ of certiorari to the United States Supreme Court was denied in 1984.

His first petition for post-conviction relief was filed in 1984. The dismissal of that petition was affirmed by this Court in 1986. In 1987 Coe filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Tennessee. That petition was dismissed without prejudice in March 1989 for failure to exhaust state remedies.

In May 1989 Coe filed a second petition for post-conviction relief which was denied by the trial court in November 1989. The denial was affirmed by this Court in January 1991. The Tennessee Supreme Court denied permission to appeal in November 1991.

In February 1992 Coe filed his second federal petition for writ of *habeas corpus* in the United States District Court for the Middle District of Tennessee. While the federal writ of *habeas corpus* was pending, Coe filed this, his third petition for post-conviction relief, on February 21, 1995. On January 2, 1996, the trial court dismissed the subject petition for post-conviction relief finding that all claims were time-barred or waived. It is this dismissal that is the subject of the current appeal.

On November 27, 1996, the United States District Court vacated all of Coe's convictions and sentences.[1] The state was allowed 120 days from the entry of that order to afford Coe a new trial; otherwise, the writ of *habeas corpus* will issue.

## DISPOSITION

---

[1]Robert Glen Coe v. Ricky Bell, No. 3:92-0180 (M. D. Tenn. filed November 27, 1996, at Nashville).

3

In order to be successful in this appeal, Coe must overcome at least two statutory limitations. Firstly, the present petition must have been timely filed. *See* T.C.A. § 40-30-102 (1990). Secondly, the grounds for relief must not have been "previously determined" by a court of competent jurisdiction nor "waived" by the failure to present them in prior proceedings. *See* T.C.A. § 40-30-112(a), (b)(1) (1990).

Issues 1, 2, 3, 4, 6, 8, 9, 10, 11, 12, 13, and 17 have been previously determined by the United States District Court for the Middle District of Tennessee. In fact, Coe was successful in vacating his convictions and sentences based upon some of these issues. Regardless, they have been previously determined.

As to Issue 1 concerning exculpatory evidence, this claim is also time-barred.[2]

As to Issue 2, State v. Middlebrooks[3] does not apply. There was adequate proof of premeditation beyond a reasonable doubt to sustain a conviction for common law murder. State v. Coe, 655 S.W.2d 903, 912 (Tenn. 1983). There was no double counting. *See* Schad v. Arizona, 501 U. S. 624 (1991).

As to Issues 3 through 10, all of these issues have either been waived, previously determined on direct appeal and/or time-barred. Furthermore, our review of these issues indicates each to be without merit.

As to Issue 11 relating to the alleged denial of an effective review of the death sentence, the issue has been waived, previously determined on direct appeal by the Tennessee Supreme Court[4] and is time-barred.

As to Issue 12, Coe's claims of ineffective assistance of counsel have been waived and are time-barred. With regard to the request for funds for investigative

---

[2]This claim is not a "later arising" claim under Burford v. State, 845 S.W.2d 204 (Tenn. 1992). *See* Sands v. State, 903 S.W.2d 297 (Tenn. 1995). This court in Freeman v. Jeffcoat, C.C.A. No. 01A01-9103-CV-00086 (Tenn. Crim. App. filed August 30, 1991, at Nashville) authorized access to police records pursuant to the public records act. This petition was filed more than three (3) years after this opinion.

[3]840 S.W.2d 317 (Tenn. 1992).

[4]State v. Coe, 655 S.W.2d at 913.

purposes, Coe has not made a proper threshold showing of the need for such funds. *See* <u>Owens v. State</u>, 908 S.W.2d 923 (Tenn. 1995).

As to Issue 13 alleging that electrocution constitutes cruel and unusual punishment, this issue has been waived, previously determined on direct appeal by the Tennessee Supreme Court[5] and is time-barred. Furthermore, the allegation is without merit.

As to Issue 14 relating to the alleged denial of access to counsel during trial, this issue has been waived and is time-barred.

As to Issue 15 alleging the death penalty deprives Coe of his fundamental right to life, this issue has been waived and is time-barred. This issue is also without merit.

As to Issue 16 alleging Coe's original arrest was unlawful, this issue has been waived and is time-barred.

As to Issue 17 which is a broad allegation that the cumulative effect of errors rendered the trial fundamentally unfair, this issue has been waived and is time-barred.

The judgment of the trial court is AFFIRMED pursuant to Rule 20, Tennessee Court of Criminal Appeals.[6]


_____
_____JOE G. RILEY, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOHN H. PEAY, JUDGE


_____

[5]<u>State v. Coe</u>, 655 S.W.2d at 913.

[6]Since Coe was successful in the United States District Court in having all of his convictions and sentences vacated, it is certainly arguable that this entire appeal is now moot. We do not reach this issue, however, since the appeal is without merit for the other reasons set forth in this order.