# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## RICKY LEE NELSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 86-00228   John P. Colton, Jr., Judge**

---

**No. W2008-02279-CCA-R3-PC   -   Filed June 22, 2009**

---

The petitioner, Ricky Lee Nelson, appeals the criminal court's dismissal of his petition for post-conviction relief. The state has filed a motion requesting that this court affirm the court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. We conclude that the state's motion is meritorious. Accordingly, we grant the state's motion and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Ricky Lee Nelson, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On April 22, 2008, the petitioner filed *pro se* a "Second Petition for Post-Conviction Relief," alleging that four of his prior guilty plea agreements were involuntarily entered, and that he had received the ineffective assistance of counsel. According to the petitioner's petition, he had previously pleaded guilty to the following: on January 5, 1982, to sexual battery and received a sentence of one to three years; on February 24, 1986, to attempt to commit a felony and received a sentence of one year; on April 15, 1986, to possession of a controlled substance with intent to sell or deliver and received a sentence of 180 days; and on July 19, 1988, to receiving stolen property and received a sentence of four years.[1] Although all four sentences appear to have expired, the petitioner alleged that the convictions were used to enhance a later sentence. On August 29, 2008, the lower court entered an order summarily dismissing the petition for post-conviction relief. The court found that the petition had been filed outside the applicable statute of limitations period and the petitioner had failed to allege any grounds for tolling the limitations period. The petitioner timely appealed the dismissal of his "Second Petition for Post-Conviction Relief."

---

[1] No judgments or plea hearing transcripts are included with the petition.

At the time the offenses were alleged to have been committed in this case, the Post-Conviction Procedure Act provided that any petition for post-conviction relief must be filed within three years of the date of the final action of the highest appellate court to which an appeal was taken or such petition would be barred. Tenn. Code Ann. § 40-30-102 (1990). The statute was amended in 1996 to reflect a statute of limitations of one year. *Id.* § 40-30-102(a) (1997). While there are exceptions to the statute of limitations, they are limited to the following circumstances: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences which were enhanced because of convictions subsequently found to be illegal. *Id.* § 40-30-102(b) (2006). Absent the presence of one of these exceptions, the post-conviction court will have no jurisdiction to consider a petition filed outside the limitations period. *Id.*

A court may also consider an untimely petition if the petitioner was barred from raising a post-conviction claim as a result of circumstances beyond his control and application of the statute of limitations would deny the petitioner due process. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims. *Id.* at 208. More specifically, a court should utilize the following analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, there is no dispute that the petitioner filed his post-conviction petition outside the statute of limitations period as the latest judgment of conviction the petitioner challenges was in 1988, over twenty years prior to the filing of the petition. Moreover, the petitioner has neither demonstrated the applicability of any of the exceptions to toll the statue of limitations, nor presented any evidence as to why he was unable to challenge his guilty pleas in a meaningful time and manner. We also note that the petitioner indicated in his petition that this was his "Second Petition for Post-Conviction Relief." The post-conviction statute provides that only one petition for post-conviction relief may be filed attacking a single judgment. *See* Tenn. Code Ann. § 40-30-102(c). The statute further provides that if a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, a second petition shall be summarily dismissed. *See id.* Accordingly, the criminal court did not err by summarily dismissing the petition.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the

2

evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted. The judgment of the criminal court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE