IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2010

## PHILANDER BUTLER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 88-08249, 90-04544, 90-06943     W. Otis Higgs, Jr., Judge**

**No. W2010-00118-CCA-R3-PC  - Filed November 2, 2010**

The petitioner, Philander Butler, *pro se,* appeals the summary dismissal of his petition for post-conviction relief for being filed after the statute of limitations had expired. On appeal, he argues that the post-conviction court erred in dismissing his petition before appointing counsel and conducting a hearing to determine the merits of his petition. After review, we affirm the summary dismissal of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Philander Butler, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Nicole Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was convicted of multiple drug offenses in 1989 and 1990, following guilty pleas to drug possession charges. He was later convicted of federal crimes, and his state convictions were used to enhance his sentence. In August 2008, the petitioner sought habeas corpus relief for his 1989 and 1990 convictions. Relief was denied by the habeas corpus court and affirmed on appeal. *See Philander Butler v. State*, No. W2009-00451-CCA-R3-HC 2009 Tenn. Crim. App. LEXIS 968, at *1 (Tenn. Crim. App. Dec. 1, 2009). On November 24, 2009, the petitioner filed the instant petition for post-conviction relief and alleged that he was never informed by counsel or the trial court that he had a right to appeal his convictions and receive appointed counsel to contest the legality of his sentences. He

argued that he should be entitled to a tolling of the statute of limitations because he was unaware that his prior convictions could be used to enhance his sentences for future convictions. The State filed a response asserting that the petition was barred by the one-year statute of limitations. The post-conviction court agreed with the State and dismissed the petition without a hearing.

Analysis

On appeal, the petitioner acknowledges that his petition was filed outside the one-year statute of limitations for post-conviction relief but argues that the statute of limitations should be tolled. The State argues that the trial court may summarily dismiss a petition for post-conviction relief if it falls outside the statute of limitations. We agree. Consideration of the petition for post-conviction relief is barred unless the petition is filed within one year of the final action of the highest appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). "The statue of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." A court does not have jurisdiction to consider a post-conviction petition filed outside the one-year statute of limitations unless: (1) the claim is based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial but given retroactive effect by the appellate court; (2) the claim is based upon new scientific evidence establishing that the petitioner is actually innocent; or (3) the claim is based upon sentences that were enhanced because of a previous conviction, and the previous conviction was subsequently found to be illegal. *Id.* § 40-30-102(b).

Strict application of the statute of limitations may not deny a petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). However, "a hearing on due process concerns is not required every time a petitioner alleges that the untimeliness of his petition is due to his trial or appellate counsel's negligence" because to do so "'is clearly inconsistent with the plain language of the post-conviction statue requiring a trial judge to summarily dismiss an untimely petition without . . . a hearing.'" *Tyrice L. Sawyers v. State*, No. M2007-02867-CCA-R3-PC, 2008 Tenn. Crim. App. LEXIS 1007, at *9 (Tenn. Crim. App. at Nashville, Dec. 31, 2008) (quoting *Craig Robert Nunn v. State*, No. M2005-01404-CCA-R3-PC, 2006 Tenn Crim. App. LEXIS 232, at *14 (Tenn. Crim. App. at Nashville, Mar. 17, 2006) (quoting *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001))).

To determine if due process requires tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the State's interest in preventing the litigation of stale and fraudulent claims. *See Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001). More

specifically, a court should utilize the following analysis: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

The petitioner compares his case to the petitioner in *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001). The Tennessee Supreme Court in *Williams* concluded that in some limited circumstances, due process might require that the statute of limitations for post-conviction relief be tolled if the misrepresentation of an attorney was shown to deprive a petitioner of a reasonable opportunity to seek post-conviction relief. The record in the instant case is absent of any such misrepresentation. Nothing in the record justifies a tolling of the statute of limitations; therefore, this petitioner is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal of the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE