IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2008

## JON HALL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C07-354    Roy B. Morgan, Jr., Judge**

**No. W2007-02656-CCA-R3-PD   -   Filed June 5, 2009**

The petitioner, Jon Hall, appeals the Madison County Circuit Court's summary dismissal of his petition for writ of error coram nobis. In the petition, the petitioner primarily argued that his petition to reopen his post-conviction petition was improperly dismissed and that he never consented to a change of venue at trial. The coram nobis court dismissed the petition as untimely and for failure to state a cognizable claim for coram nobis relief. On appeal, the petitioner argues that the coram nobis petition was improperly dismissed, as it did state a cognizable claim for relief and because due process concerns necessitated tolling the one-year statute of limitations. After reviewing the record, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Jon Hall, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; James E. Gaylord, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that in 1997, a Madison County Jury convicted the petitioner of the first degree murder of his wife, Billie Jo Hall, and sentenced him to death. The petitioner's conviction and sentence were affirmed on direct appeal. State v. Hall, 8 S.W.3d 593 (Tenn. 1999). In December 2000, the petitioner filed a petition for post-conviction relief. Jon Hall v. State, No. W2003-00669-CCA-R3-PD, 2005 WL 22951, at *1 (Tenn. Crim. App. Jan. 5, 2005). This court

affirmed the post-conviction court's denial of the petition, Id. at *38, and on June 20, 2005, the Tennessee Supreme Court denied his application for permission to appeal in the post-conviction case. In October 2003, the petitioner filed a petition for writ of habeas corpus. Jon Douglas Hall v. State/Ricky Bell, Warden, No. M2005-00572-CCA-R3-HC, 2006 WL 2000502, at *1 (Tenn. Crim. App. July 19, 2006). In that petition, the petitioner alleged that he never consented to the change of venue which moved his trial from Henderson County, where the offense occurred, to Madison County, and as such, the Madison County Circuit Court's judgment of conviction was void for lack of jurisdiction. Id. This court affirmed the habeas corpus court's denial of the petition, stating in relevant part that "the petitioner filed two motions seeking a change of venue . . . . The state apparently consented to the second of these motions . . . . While the petitioner now claims that his trial counsel did not have his permission to file the second motion, that is not a cognizable claim for habeas corpus relief." Id. at *2 (citations omitted).[1] On November 27, 2006, the Tennessee Supreme Court denied the petitioner's application for permission to appeal.

On June 19, 2006, the petitioner filed a motion to reopen his post-conviction petition. In his motion, the petitioner "raised numerous complaints concerning the conduct of all attorneys and judges involved. [He] again challenged the propriety of his trial being conducted in Madison County. . . . Additional complaints raised by Petitioner Hall included allegations that the State withheld exculpatory evidence." Jon Hall v. State, No. W2006-02620-CCA-R28-PD, slip op. at 1 (Tenn. Crim. App. Feb. 2, 2007) (order). The post-conviction court denied the motion; in its order, the post-conviction court stated that it could not "find any allegations of any case law that would establish a new constitutional right that would entitle the [petitioner] to a new trial or hearing," and that neither "[a]llegations of misconduct by the [c]ourt or State" nor "[a]llegations of insufficient fact finding procedures by the State" were grounds for reopening his post-conviction petition. The petitioner appealed the post-conviction court's order, but this court dismissed the appeal based on the fact that the petitioner filed the appeal after the ten-day limitations period established by Rule 28 of the Tennessee Supreme Court. Id., slip op. at 3. We also noted that "even had the application been timely filed, a review of the petition reveals that the [p]etitioner has failed to allege a ground upon which such petition may be granted." Id.

October 26, 2007, the petitioner filed a petition for writ of error coram nobis or, in the alternative, a motion to set aside judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. In this motion, the petitioner argued that circumstances beyond his control prevented him from timely filing his appeal of the post-conviction court's order denying his motion to reopen the post-conviction petition. Particularly, the petitioner argued that the post-conviction court's failure to appoint counsel for his motion to reopen, coupled with the circuit court clerk's failure to inform him of the denial of the motion to reopen until after the ten-day limitations period passed, constituted "circumstances beyond his control." The petitioner also renewed his argument that appellate and post-conviction counsel were ineffective for failing to actively pursue the change of venue issue, and he also argued that the change of venue—to which he again insisted that he did not agree—resulted

---

[1]Of note, the petitioner did not challenge the change of venue motion on direct appeal. The petitioner raised the issue in his initial petition for post-conviction relief, but in its order denying the petitioner's initial post-conviction petition, the post-conviction court noted the issue was waived by the petitioner's failure to raise the issue on direct appeal.

2

from conspiratorial conduct on the part of his trial counsel, the State, and the trial court. Furthermore, the petitioner raised several "miscellaneous claims," including challenges to the aggravating factor used to justify his death sentence, the jury instructions, crime scene photographs, death penalty protocol, and to the State's imprisoning him before executing him, which he argues constitutes dual punishment and violates his protection against double jeopardy.

On October 31, 2007, the coram nobis court issued an order dismissing the petition. In its order, the coram nobis court noted that the petition was untimely and that, even if not time-barred, the petitioner was not entitled to relief because his petition stated no cognizable claim for relief. This appeal followed.[2]

## ANALYSIS

On appeal, the petitioner argues that the coram nobis court erred by dismissing his petition for writ of error coram nobis. We disagree.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105 (2006); see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny the writ rests within the discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment of the trial court becomes final. See Tenn. Code Ann. §§ 27-7-103, 40-26-105; State v. Mixon, 983 S.W.2d 671 (Tenn. 1999). The State bears the burden of raising the bar of the statute of limitations as an affirmative defense. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (citing Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995)). The one-year limitations period may be tolled only when required by due process concerns. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001).

In this case, the trial court entered its judgment of conviction in 1997. The petitioner did not file his coram nobis petition until October 2007, some nine years after the expiration of the one-year limitations period for filing a coram nobis action. Thus, the coram nobis court properly concluded that the petition was untimely. There is no proof in the record of circumstances beyond the petitioner's control that prevented his timely filing of his coram nobis action. Therefore, we conclude that due process concerns do not necessitate tolling the limitations period. Furthermore, none of the issues raised by the petitioner relate to "subsequently or newly discovered evidence relating to matters which were litigated at the trial" which "may have resulted in a different judgment, had [the evidence] been presented at the trial." Tenn. Code Ann. § 40-26-105. Rather, the "evidence" cited in the petition relates to matters that occurred long after both his trial and his direct appeal ended. We therefore conclude that the petitioner's jurisdiction/venue claim is not proper for coram nobis relief.

_____

[2]Apparently, the petitioner filed an additional coram nobis petition, which was also dismissed as untimely and for failure to state a claim. The petitioner filed a notice of appeal for this second petition. On March 14, 2008, this court issued an order consolidating the two petitions on appeal.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE