**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**DECEMBER 1998 SESSION**



**FILED**

**May 4, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES E. SWIGGETT,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9804-CR-00161 |
| | ) | |
| vs. | ) | Greene County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. James E. Beckner, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


FOR THE APPELLANT:

**JAMES E. SWIGGETT (pro se)**
168336 NECC
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General
109 S. Main St., Suite 501
Greeneville, TN 37743


OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The petitioner, James E. Swiggett, appeals from the Greene County Criminal Court's order dismissing his petition for post-conviction relief. In 1992, a jury convicted the petitioner of first degree murder and sentenced him to life imprisonment. He appealed his conviction, and this court affirmed on November 23, 1994. See State v. James (Jim) Swiggett, No. 03C01-9209-CR-00312 (Tenn. Crim. App., Knoxville, Nov. 23, 1994), perm. app. denied (Tenn. Mar. 27, 1995). On March 16, 1998, he filed a pro se petition for post-conviction relief alleging that he was ineffectively assisted by counsel when a suppression issue was not adjudicated on direct appeal because the appellate record did not include the record of the trial court's findings and conclusions of law on the suppression issue. The court below found the petition barred by the statute of limitations and dismissed the action.[1] The petitioner contends that his petition is not barred by the statute of limitations because of Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and Sands v. State, 903 S.W.2d 297 (Tenn. 1995). Following a review of the record and the briefs of the parties, we affirm the trial court's dismissal of the petition.

The Post-Conviction Procedure Act of 1995 governs all petitions for post-conviction relief filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). The statute of limitations for a petition for post-conviction relief is one (1) year from the date of the final action of the highest state appellate

_____

[1] The post-conviction petition alleged the use at trial of a coerced, or otherwise inadmissable, confession and unconstitutional selection of grand and petit juries. However, these issues were not raised in this appeal and are waived. Tenn. R. App. P. 13(b). Specifically, the petitioner has failed to argue and cite authority in support of any claim that he is entitled to relief from the statute of limitations, except for the ineffective assistance of counsel claim. This claim is solely based on the lack of a record of the trial court's findings and conclusions in denying suppression of the petitioner's pretrial statement to Agent Morrell.

2

court to which an appeal is taken. See Tenn. Code Ann. § 40-30-202(a) (1997). In the case at bar, the final action of the highest state appellate court was the Tennessee Supreme Court's denial of the application for permission to appeal on March 27, 1995. However, the petitioner had one year from the effective date of the act, May 10, 1995, in which to file a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). The petitioner filed his post-conviction petition on March 16, 1998, well past the statute of limitations period.

A petition filed beyond the one year statute of limitations can only be considered if the claim (1) is based upon a newly established constitutional right that was not recognized at the time of trial, (2) is based upon new scientific evidence establishing actual innocence of the petitioner, or (3) seeks relief from an enhanced sentence because the previous conviction, which formed the basis of the enhancement, has been held to be invalid. Tenn. Code Ann. § 40-30-202(b) (1997). The petitioner does not contend that any of the statutory exceptions apply to his claims. Instead, the petitioner contends that the statute of limitations should not bar his petition because the basis of his claims are "later-arising" facts under Burford.

In Burford, our supreme court stated that "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). To determine whether due process requires waiver of the statute of limitations in a particular case, a court must consider the governmental and private interests involved. Id. at 209. The supreme court clarified the Burford rule in Sands v. State, 903 S.W.2d 297 (Tenn. 1995). The rule from Sands and Burford is that "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a

3

petitioner's claim when the grounds for relief, whether legal or factual, arise after . . . the point at which the limitations period would normally have begun to run." Sands, 903 S.W.2d at 301. The court established a three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id.

Under the three-step process of Sands, the petitioner's limitations period began to run after the Tennessee Supreme Court's denial of his application for permission to appeal on March 27, 1995. The petitioner alleges that he discovered the facts regarding his ineffective assistance of counsel claim in April 1996 when he reviewed his attorneys' responses to the claims that the petitioner had filed with the Board of Professional Responsibility. We have reviewed trial and appellate counsels' April 1996 letters to the Board of Professional Responsibility and find nothing that adds to the information the petitioner already had.[2]

A review of the record reveals that the petitioner was aware much earlier of appellate counsel's inability to obtain a transcript or order containing the trial court's findings of facts and conclusions of law on the suppression issue.[3] On November 19, 1993, appellate counsel moved this court for an order to compel the

---

[2] In any event, the petitioner alleges discovery in April 1996, although he did not file his petition until almost two years later, on March 16, 1998.

[3] In fact, the petitioner obtained an additional transcript on the suppression issue, which his attorneys could not obtain. However, the additional transcript provided by the petitioner as an exhibit to his petition states that the trial judge ordered the parties to prepare briefs on the suppression issue before he ruled. The record still does not contain a transcript or order containing the judge's findings of fact and conclusions of law on the suppression issue.

4

filing of a transcript of the trial court's findings and conclusions on the suppression issue and wrote the defendant to advise him of the reason for the delay in the direct appeal process. Additionally, the petitioner became aware of the absence of the trial court's findings and conclusions in the appellate record upon the filing of our opinion on his direct appeal in 1994. See State v. James (Jim) Swiggett, slip op. at 4 ("However, the record presented for review is devoid of a written motion to suppress the statement or the findings of fact and conclusions of law presented by the trial court. Consequently, the record is insufficient for this Court to resolve the merits of this issue.")

Upon the filing of the direct appeal opinion, the petitioner should have become aware of a claim for ineffective assistance of counsel due to appellate counsel's (1) failure to obtain the absent transcript, or (2) failure to raise the absence of the transcript as an irregularity requiring reversal, or at least requiring a remand to the trial court for entry of findings on the suppression issue. See, e.g., Reginald Dion Hughes v. State, No. 02C01-9201-CR-00005, slip op. at 6 (Tenn. Crim. App., Jackson, Dec. 16, 1992) (petitioner alleged ineffective assistance of counsel for failure to include a transcript of the suppression hearing in the appellate record); Raymond O. Jackson v. State, No. 01C01-9608-CR-00368, slip op. at 11 (Tenn. Crim. App., Nashville, Jan. 28, 1998) (remanding case for reconstruction of inadequate record). Neither of these claims would require that the absent transcript be a part of the record. In fact, the absence of the transcript in the record would be the proof for the claim. Instead, the petitioner waited to file a petition for post-conviction relief until he received an additional transcript.

Because the petitioner knew the facts regarding counsel's inability to obtain the absent transcript before March 27, 1995, his grounds for relief are not later-arising. See Sands, 903 S.W.2d at 302. Once a court finds that the grounds for relief are not later-arising, the analysis under Sands ends. Id. The petitioner

5

knew his claim of ineffective assistance of counsel existed before the statute of limitations period commenced.  We find that the application of the statute of limitations does not violate the petitioner's due process rights.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JERRY L. SMITH, JUDGE