# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TERESA DEION SMITH HARRIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henry County**
**No. 12080   Charles C. McGinley, Judge**

---

**No. W2012-00540-CCA-R3-CO  - Filed August 15, 2012**

---

The Petitioner, Teresa Deion Smith Harris, appeals the Henry County Circuit Court's dismissal of her pro se petition for writ of error coram nobis.  The State has filed a motion requesting that this Court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN,  J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Teresa Deion Smith Harris, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of first degree felony murder and sentenced to life without the possibility of parole for her role in the death of nineteen-year-old Dennis Brooks, Jr.  The Petitioner and her co-defendants, Walter Smothers and Stacy Ramsey, decided to stop and steal a vehicle after their vehicle broke down.  The Petitioner flagged down a vehicle driven by the victim, and the trio overcame the victim.  The victim was kidnapped, beaten, shot, stabbed, murdered, and mutilated.  The Petitioner admitted to pressing the victim's excised heart against her lips and stabbing the victim once but otherwise denied participating in the mutilation.  See State v. Harris, 989 S.W.2d 307, 309-11 (Tenn. 1999).

The Tennessee Supreme Court upheld the Petitioner's conviction and sentence on direct appeal. See id. The Petitioner subsequently sought post-conviction relief. The post-conviction court denied relief, and this Court affirmed the judgment of the post-conviction court. See Teresa Deion Smith Harris v. State, No. W2000-02611-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 604 (Tenn. Crim. App., at Jackson, Aug. 3, 2001), perm. app. denied (Tenn. Dec. 17, 2001).

On August 3, 2011, the Petitioner filed a pro se petition for writ of error coram nobis alleging the discovery of new evidence. The State filed a motion to dismiss the petition contending that the petition was untimely. On November 30, 2011, the trial court entered an order dismissing the petition. This appeal followed.

Tennessee Code Annotated section 40-26-105 provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error coram nobis "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the coram nobis court. See State v. Hart, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. See State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010); see Mixon, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings.")). In the present case, the judgment became final in August of 1994. The Petitioner did not file a petition for writ of error coram nobis until August 3, 2011, almost seventeen years later.

The one-year statute of limitations for a petition for writ of error coram nobis may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. Harris, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. Id. Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule requires three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 299, 301 (Tenn. 1995).

The Petitioner asserts that she is entitled to a writ of error coram nobis based upon a documentary entitled "Women Behind Bars," which was broadcast on or about May 4, 2010. According to the Petitioner, the documentary includes an interview of Walter Smothers, the Petitioner's co-defendant, during which he admitted that he had also planned to kill the Petitioner on the night of the victim's murder in order to cover up his actions and leave no witnesses.

Although the documentary aired on May 4, 2010, the Petitioner did not file her petition until August 3, 2011, more than one year later. The Petitioner claims that she attempted to file the petition on May 7, 2010, but mailed it to the incorrect address based upon the instructions of the law library clerk at the prison. The Petitioner, however, included no such allegation in her petition for writ of error coram nobis filed in the trial court nor does she explain how any failure to mail the petition to the correct address in May 2010 delayed the filing of the petition until August 2011, almost fifteen months later. The Petitioner also asserts that the statute of limitations should not begin to run until December 19, 2011, when she actually viewed the documentary. The Petitioner, however, was admittedly aware in May 2010 of the documentary and the information provided by her co-defendant in the interview.

The Petitioner has failed to establish that application of the statute of limitations to bar her claim prevents her from having her claim heard in a meaningful time or in a meaningful manner. We conclude that the principles of due process do not require the tolling

of the statute of limitations.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE