IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

## MINDY DODD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F48523A      David M. Bragg, Judge**

_____

**No. M2013-02385-CCA-R3-ECN - Filed April 22, 2014**

_____

The petitioner, Mindy S. Dodd, appeals the denial of her petition for a writ of error coram nobis. On appeal, she contends that she presented newly discovered evidence that may have affected the outcome of her trial and that the error coram nobis court erred in denying her petition. Because the petition was not filed within the statutory limitations period, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mindy S. Dodd, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; and William Whitesell, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

The petitioner was convicted of first degree premeditated murder and conspiracy to commit first degree murder and sentenced to life in prison for first degree premeditated murder and twenty years for conspiracy to commit first degree murder. The sentences were to be served concurrently for an effective sentence of life in prison. The facts of the case may be found in this court's opinion of *State of Tennessee v. Mindy S. Dodd*, No. M2002-01882-CCA-R3-CD, 2003 WL 22999444, at *1-4 (Tenn. Crim. App. Dec. 23, 2003) *perm. app. denied* (Tenn. June 1, 2004). In October of 2004 the petitioner filed a petition for post-conviction relief, and this court affirmed the trial court's denial of the petition. *Mindy*

*Sue Dodd v. State of Tennessee*, No. M2006-02384-CCA-R3-PC, 2007 WL 2949020 (Tenn. Crim. App. Oct. 10, 2007). The petitioner then filed a petition for a writ of habeas corpus which a federal district court denied. *Mindy Sue Dodd v. Jewel Steele*, No. 3:08-0468, 2008 WL 4572571 (M.D. Tenn. Oct. 8, 2008). She next filed a petition for writ of error corram nobis on July 11, 2011, which the error coram nobis court denied.

On September 10, 2013, the petitioner filed a pro se petition for writ of error coram nobis. In her petition she asserted four grounds for relief. She argues that her co-defendant received lenient treatment from the State in exchange for his perjured testimony against the petitioner at her trial; that the psychological impairment of Battered Women's Syndrome rendered her incapable of voluntarily, knowingly, and intelligently refusing a valid plea agreement; that she received ineffective assistance of counsel when her attorney did not advise her to accept the plea agreement; and that the medical examiner in her case had charges filed against him for inappropriate conduct relating to the findings in his autopsies and reports. The error coram nobis court denied relief for several reasons.

The error coram nobis court found that the petitioner's claim in regards to the testimony of her co-defendant was barred by the statute of limitations. The court reasoned that "[t]he fact that the co-defendant benefitted by giving testimony against the Petitioner could have been raised at trial." Because this issue could have been addressed at trial, the error coram nobis court concluded that it did not constitute newly discovered evidence. The error coram nobis court further found that even if the testimony qualified as new evidence, it was "not of the sufficient weight that the trial may have resulted in a different judgment." The error coram nobis court rejected the petitioner's claim that Battered Women's Syndrome prevented her from knowingly rejecting a plea agreement and her claim that counsel was ineffective for not advising her to take the plea offer. The error coram nobis court found that her claim that her plea was not knowing or voluntary was time-barred, as the petitioner "has been aware of any medical issue that she suffered from during the plea offer for longer than one year." The court also found that the petitioner's claims of ineffective assistance of counsel were not evidence that could be litigated at trial. The court stated that the "claim is an assertion of 6th Amendment rights, and not newly discovered evidence. As such, it is inappropriate for a Petition of Error Coram Nobis." Relying on this court's opinion in *Phyllis Ann McBride v. State*, No. M2009-01467-CCA-R3-PC, 2010 WL 2134157, at *2-4 (Tenn. Crim. App. May 27, 2010) *perm. app. denied* (Tenn. Nov. 15, 2010), the error coram nobis court found that the misconduct of the medical examiner did not "constitute 'new evidence' as required by the statute."

The trial court issued a denial of the petition on October 14, 2013. The petitioner then filed a timely notice of appeal on October 23, 2013. We proceed to consider her claims.

## ANALYSIS

The petitioner argues that the court erroneously dismissed her petition for writ of error coram nobis. She contends that the later-arising evidence requires the tolling of the one-year statute of limitations for a writ of error coram nobis and that presentation of the newly discovered evidence to a jury may have led to a different outcome in her trial. Specifically, she claims that her co-defendant offered perjured testimony in exchange for the State dismissing a vandalism charge that he received while incarcerated prior to trial. She next claims that Battered Women's Syndrome rendered her "incompetent to voluntarily, knowingly, and intelligently, refuse any valid plea agreement" and that she would have accepted the plea agreement but for the ineffective assistance of trial counsel. Finally, she contends that due to the medical examiner's misconduct, his report was not accurate and that an accurate report may have resulted in a different outcome at trial

The trial court possesses the sound discretion to grant or deny a petition for writ of error coram nobis. *State v. Vasquez*, 221 S.W.3d 514, 527-28 (Tenn 2007). We review the trial court's decision under an abuse of discretion standard.

The writ of error coram nobis is an extraordinary remedy that permits the trial court to grant a defendant a new trial in limited circumstances. *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the defendant shows he or she was without fault in failing to present the evidence at the proper time and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. Tenn. Code Ann. § 40-26-105(b) (2012); *Mixon*, 983 S.W.2d at 668. The purpose of the writ "is to bring to the court's attention a previously unknown fact that, had it been made known, would have resulted in a different judgment." *Wilson v. State*, 367 S.W.3d 229, 234-35 (Tenn. 2012).

A writ of error coram nobis must be filed within one year of the date on which the judgment of conviction became final in the trial court. *Mixon*, 983 S.W.2d at 670. A judgment becomes final in the trial court thirty days after its entry if no post-trial motions are filed. If a post-trial motion is timely filed, the judgment becomes final upon an entry of an order disposing of the post-trial motion. *Id.* at 670. It is the burden of the State to raise the statute of limitations as an affirmative defense. *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995). However, "due process may require the tolling of an applicable statute of limitations" in certain contexts. *Workman v. State*, 41 S.W.3d 100, 101 (Tenn. 2001). To determine whether due process should toll the statute, courts must weigh the "petitioner's opportunity to have a hearing on the grounds of newly discovered evidence" against the State's interest in preventing "stale and groundless claims." *Id.* at 103. In balancing these interests, courts

should employ a three-step test to determine: (1) when the limitations period would normally have begun to run; (2) whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands*, 903 S.W.2d at 301. The issue of whether due process considerations necessitate a tolling of the statute of limitations presents a mixed question of law and fact that this court reviews de novo with no presumption of correctness. *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010) (citing *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006)).

We conclude that the trial court properly dismissed the petition for writ of error coram nobis. First, the petitioner's claims are barred by the statute of limitations. The State raised the statute of limitations as an affirmative defense in its brief, arguing that the petitioner's claims were time-barred. At the conclusion of her trial, the petitioner filed a motion for a new trial which was denied. The record does not indicate the date on which the petitioner filed this motion, but the judgment in this case became final upon the trial court's denial of her motion. The statute of limitations for filing a writ of error coram nobis expired one year upon the entry of the trial court's denial of her motion for a new trial, and the petitioner did not file her writ until September 10, 2013, well after the statute of limitations expired. Because the petitioner filed her writ beyond the statute of limitations, her claims are time-barred unless the grounds for the claims are "later-arising." *Sands*, 903 S.W.2d at 301. The error coram nobis court found that her claims relating to the testimony of her co-defendant, Battered Women's Syndrome, and ineffective assistance of counsel presented no basis for tolling the statute of limitations. We agree.

None of these claims are "later-arising" because the grounds for relief existed at the time of the petitioner's trial. Although the petitioner claims that she only recently discovered that her co-defendant had a charge of vandalism dismissed in exchange for his testimony, this plea agreement was in place at the time of her trial. The petitioner could have raised this issue at trial and because she did not, due process does not necessitate a tolling of the statute of limitations on her claim. Further, the petitioner was aware that she may have suffered from Battered Women's Syndrome at the time of her trial and she raised the failure to present evidence on the syndrome in her petition for post-conviction relief. *Mindy Sue Dodd v. State of Tennessee*, No. M2006-02384-CCA-R3-PC, 2007 WL 2949020, at *4 (Tenn. Crim. App. Oct. 10, 2007). This court concluded that trial counsel was not deficient in failing to present Battered Women's Syndrome as a defense because the petitioner was aware that she would need to testify in order to get in evidence regarding her abuse from other witnesses, including a psychiatric expert. *Id.* at *9-11. Thus, the petitioner was aware that Battered Women's Syndrome was a potential defense at the time of trial and made the tactical decision not to pursue it. She may not now claim that is a "later-arising" ground sufficient to toll the statute

of limitations for error coram nobis relief. The error coram nobis court also properly found that her claim of ineffective assistance of counsel implicated 6th Amendment concerns and was not appropriate for a petition for writ of error coram nobis. *See Domingo Ponce v. State of Tennessee*, No. M2004-02257-CCA-R3-CO, 2005 WL 1303125, at *3 (Tenn. Crim. App. May 31, 2005) (stating that ineffective assistance of counsel is not an appropriate ground for relief pursuant to a writ of error coram nobis). We conclude that the petitioner's claims are not based upon "later-arising" grounds that necessitate a tolling of the statute of limitations. Further, these claims do not constitute "newly discovered evidence," as the petitioner was aware of the grounds of these claims at the time of her trial. Thus, the claims are time-barred, and the petitioner is not entitled to relief on these issues.

Having determined that the petitioner's first claims are time-barred, we must next determine whether the medical examiner's malfeasance constitutes a "later-arising" ground that requires a tolling of the statute of limitations. The Board of Medical Examiners of Tennessee conducted an investigation into the medical practice of the medical examiner whose report was used in the petitioner's trial. This investigation spanned from May of 2003 to April of 2005, and the Board ultimately revoked the medical examiner's medical license in May of 2005 after determining that his practices between 1995 and 2003 were littered with misconduct. The medical examiner was not adjudged guilty of misconduct until after the limitations period commenced, making this evidence "later-arising." We must next determine if strictly applying the limitations period would effectively deprive the petitioner of a reasonable opportunity to present her claim. We conclude that it would not, and thus conclude that this claim is also time-barred.

Even if evidence is "later-arising," the petitioner still "must exercise due diligence in presenting the claim." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *Vasques*, 221 S.W.3d at 527; T.C.A. § 40-26-105(b) (2012). The petitioner contends that she was unaware of the medical examiner's misconduct until May of 2013 and that the five months that elapsed between her discovery and the filing of her petition does not constitute an unreasonable delay. In this case, eight years passed between the revocation of the medical examiner's license and the petitioner's filing of her claim. While the misconduct of the medical examiner was revealed four years after the petitioner was convicted, she fails to explain the eight-year delay after the revocation of the medical examiner's license.[1] In fact,

---

[1]In her petition for post-conviction relief, the petitioner contended that counsel was ineffective for stipulating to the qualifications of the medical examiner as an expert in the determination of death. While she did not pursue this claim on appeal, and this court considered it waived, it does appear that she was aware of some irregularity regarding the medical examiner's qualifications at the time of her petition for post-conviction relief. *Mindy Sue Dodd v. State*, No. M2006-02384-CCA-R3-PC, 2007 WL 2949020, at *3 (Tenn. Crim. App. Oct. 10, 2007).

the newspaper articles she cites to support her claim, dated April 21, 2005, and March 2, 2010, were in existence long before she filed her petition. She has not demonstrated any reason why the evidence of this misconduct was not discoverable in the eight-year time period between the revocation of the license and the filing of her claim and has failed to carry her burden to show that she exercised due diligence in presenting her claim. We conclude that this claim is also time-barred.

## CONCLUSION

For the foregoing reasons, the judgment of the error coram nobis court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE