IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASVILLE

Assigned on Briefs at Knoxville October 14, 2015

## JAMES ANTHONY BURGESS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Putnam County**
**No. 07-0676      David A. Patterson, Judge**

_____

**No. M2015-00584-CCA-R3-ECN – Filed November 19, 2015**

_____

Petitioner, James Anthony Burgess, appeals the denial of his petition for writ of error coram nobis. Because Petitioner has not identified any newly discovered evidence, we affirm the decision of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

James Anthony Burgess, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Beth Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Procedural History*

Over eight and one-half years ago, Petitioner invaded his former home and killed his estranged wife by shooting her nine times. Then, as two children watched, Petitioner killed his wife's boyfriend by shooting him five times. Petitioner was convicted of two counts of felony murder, two counts of second degree murder, aggravated burglary,[1] and

---

[1] Petitioner was convicted of especially aggravated burglary, but on direct appeal a panel of this Court remanded that conviction for modification and resentencing. *State v. James Anthony Burgess*, No. M2009-00897-CCA-R3-CD, 2010 WL 3025524, at *7-8 (Tenn. Crim. App. Aug. 4, 2010), *perm. app. denied* (Tenn. Dec. 7, 2010).

reckless endangerment. *State v. James Anthony Burgess*, No. M2009-00897-CCA-R3-CD, 2010 WL 3025524, at \*1-2 (Tenn. Crim. App. Aug. 4, 2010), *perm. app. denied* (Tenn. Dec. 7, 2010). He is now effectively serving two consecutive life sentences plus additional time. *James Anthony Burgess v. State*, No. M2012-01308-CCA-R3-PC, 2013 WL 1182990, at \*1 (Tenn. Crim. App. Mar. 21, 2013) (upholding denial of post-conviction relief), *perm. app. dismissed* (Tenn. Sept. 11, 2013).

Petitioner killed the victims inside the marital home. *James Anthony Burgess*, 2010 WL 3025524, at \*2. At the time of the crimes, Petitioner's wife was living in the marital home, but Petitioner was not. *Id.* at \*1. On direct appeal, this Court considered whether there was a valid order of protection effective at the time Petitioner committed the crimes because, if there was not a valid order of protection, Petitioner could not have burglarized his own home as a matter of law. *Id.* at \*4; *see* T.C.A. §§ 39-14-401 to -403. This Court provided the following relevant facts:

> The victim obtained an ex parte order of protection on February 22, 2008. As pointed out by the State, Appellant did sign the order when he was given notice of the entry of the order. The ex parte order was extended on March 26, 2007. The second ex parte order set a hearing date for April 5, 2007. The hearing was not actually held until April 20, 2007. According to Appellant he was present at the hearing. The trial court modified the order of protection only to the extent that Appellant and the victim should have contact to set visitation. Outside of setting visitation, the order of protection was still in effect. In addition, the trial court stated that Appellant should have visitation [. . .] two days each week. The trial court also ordered the payment of temporary child support. The first payment was ordered to be paid on May 1, 2007. The order setting out this information was actually filed on May 7, 2007, two days after the murders.

*James Anthony Burgess*, 2010 WL 3025524, at \*4. Concluding that the trial court intended the May 7 order to be effective as of May 1, 2007, this Court held that there was a valid order of protection restraining Petitioner from the marital home at the time he committed the murders and upheld the conviction for aggravated burglary. *Id.* at \*4-6. Petitioner's convictions were affirmed as modified on direct appeal. *James Anthony Burgess*, 2010 WL 3025524.

Petitioner then filed a petition for writ of error coram nobis, claiming that a warranty deed showed he was a legal owner of the marital home and that there was not a valid order of protection in effect at the time of the murders. *James A. Burgess v. State*, No. M2010-01517-CCA-R3-CO, 2011 WL 320903, at \*1 (Tenn. Crim. App. Jan. 20, 2011), *perm. app. denied* (Tenn. Apr. 14, 2011). This Court affirmed the denial of coram nobis relief, concluding that the warranty deed did not constitute newly discovered

evidence and observing that, "on direct appeal, this Court thoroughly addressed the Petitioner's claim that he was not excluded as an 'owner' of the home under the burglary statute." *Id.* at *4-5.

Petitioner then filed a petition for post-conviction relief, arguing that his trial counsel provided ineffective assistance by failing to object to "false evidence" in regard to the order of protection. *James Anthony Burgess*, 2013 WL 1182990. In affirming the denial of post-conviction relief, we observed, "While [A]ppellant has previously called into question the status of the order of protection, this Court extensively reviewed these issues on direct appeal and found in the [S]tate's favor." *Id.* at *5.

On January 29, 2015, Petitioner filed another petition for writ of error coram nobis, again challenging his aggravated burglary conviction on the basis that there was not a valid order of protection. He claimed that a letter he received on March 17, 2014, from an attorney—which states that "there appears to be no Temporary nor Permanent Protection order in the file, my assumption is that your wife attempted to obtain one of those orders but was unsuccessful; or in the case of a permanent order, never brought you before the Court to obtain that"—constitutes newly discovered evidence which bears upon his aggravated burglary conviction. The coram nobis court quite sensibly denied relief.

*Analysis*

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526.

A petition for coram nobis relief must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion.

*Mixon*, 983 S.W.2d at 670.  Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo.  *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)).  However, the State bears the burden of raising the statute of limitations as an affirmative defense.  *Id.*; *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995).  Because the State did not raise the statute of limitations as an affirmative defense, we must consider the merits of the petition.

After reviewing the record, we conclude that the coram nobis court did not abuse its discretion by denying relief without a hearing.  The correspondence offered by Petitioner does not constitute newly discovered evidence for coram nobis purposes.  It is simply a hearsay opinion about Petitioner's case.  Petitioner's claim that there was not a valid order of protection in place at the time he committed these murders has been previously adjudicated, and we will not revisit it now, just as we have so declined on two previous occasions.  Strangely enough, Petitioner's petition contains a copy of the May 7, 2007 order which this Court construed as a valid order of protection on direct appeal.  It is unclear whether this order was attached to the letter offered by Petitioner.  Nonetheless, whatever the basis for the correspondence received by Petitioner, it does not undermine the previous determinations made by this Court and offers nothing new.

Petitioner is not entitled to relief.


_____
TIMOTHY L. EASTER, JUDGE